**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Jose Lopez-Diaz, | ) | |
| | ) | Civil Action No.: 1:20-cv-00863-JMC |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Jose Lopez-Diaz, proceeding *pro se*, filed a Petition for Writ of Mandamus (ECF No. 1) against the United States of America ("Respondent"), alleging the Bureau of Prisons ("BOP") has failed to process his request for home detention under the First Step Act, 34 U.S.C. § 60541(g), and to provide an exact date of home detention. (*Id.*) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report"), filed on March 3, 2020.[1] (ECF No. 5.) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 5), and **DENIES** Petitioner's Petition for Writ of Mandamus (ECF No. 1).

## I. FACTUAL AND PROCEDURAL HISTORY

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 5.) Petitioner is an inmate incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI Estill"). (ECF No. 1 at 3.) He was convicted in the District of Puerto Rico of conspiracy to commit health care fraud, aiding and abetting health care fraud, and aiding and abetting aggravated identity theft in Case No. 11-CR-319-01. (ECF No.

---

[1] Objections to the Report were due by March 17, 2020, fourteen (14) days after the filing of the Report. (ECF No. 5.) Because the Report was served by mail to Petitioner, objections were due by March 20, 2020. Petitioner timely filed his objection on March 17, 2020.

1-1 at 5, 6.)  He was committed to BOP on June 10, 2014, to serve a term of ninety-seven (97) months of incarceration, followed by three (3) years of supervised release on the healthcare fraud charges and twenty-four (24) months of incarceration, followed by one (1) year of supervised release on the identity theft charge. (*Id.*)

Petitioner alleges he is sixty (60) years old, has served sixty-six percent (66%) of his sentence, and is otherwise eligible for home detention under the First Step Act, 34 U.S.C § 60541(g). (ECF No. 1.)  He states the BOP has failed to process his request and provide an "exact[] day of home detention." (*Id.*)  Petitioner maintains he has exhausted all administrative remedies. (*Id.*) He requests the court to compel the BOP to process his home detention under the eligible elderly offender provision of the First Step Act and BOP Policy Statement 7310.04[2], and provide him an exact day for the commencement of home detention. (*Id.*)

Petitioner submitted his request to the BOP on November 13, 2019. (ECF No. 1-1.) The BOP determined at that time he had only served sixty-two percent (62%) of his sentence. (*Id.*) On November 14, 2019, Petitioner's case manager advised him his unit team was reviewing his eligibility and would advise him of his status upon completion of the review. (*Id.*) A sentence monitoring computation data sheet dated November 15, 2019, indicates a home detention eligibility date of September 17, 2021. (*Id.*)

---

[2] Petitioner also claims BOP Program Statement 7310.04 compels his release to home detention. (ECF No. 1.) However, BOP Program Statement 7310.04, issued on December 16, 1998, is intended "[t]o provide guidance to staff regarding the effective use of "Community Correction Centers ("CCCs")," which it defines as "halfway houses." (PS 7310.04 at 1, 5.) Although it addresses home confinement, it specifies such placement is limited "to the last 10% of the sentence, or six months, whichever is less." (*Id.* at 6.) Because Petitioner does not argue he has reached the last 10% of his sentence nor provided proof of such information, he has not sufficiently pled that the BOP has violated PS 7310.04.

On February 26, 2020, Petitioner filed a Petition for Writ of Mandamus against the United States of America, alleging BOP's failure to process his home detention under the First Step Act, 34 U.S.C § 60541(g). (ECF No. 1.) On March 3, 2020, the Magistrate Judge filed the Report. (ECF No. 5.) Petitioner filed a timely Objection on March 17, 2020. (ECF No. 7.)

## II.  LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solitude'

with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

Petitioner requests the court to force the BOP to process his home detention under the eligible elderly offender provision of the First Step Act, 34 U.S.C. § 60541(g). (ECF No. 1.) In carrying out the pilot program as described in 34 U.S.C. § 60541(g)(a)(A) to determine "the effectivenss of removing eligible elderly offenders … from Bureau of Prisons and placing such offenders on home detention until the expriration of the prison term to which the offender was sentenced," the Attorney General may release some or all eligible elderly offenders. 34 U.S.C. § 60541(g)(1)(B). (ECF No. 5.)

Here, in his Petition for Writ of Mandamus, Petitioner argues he has met the eligibility requirements for home detention, that he is sixty (60) years of age and has served sixty-six percent (66%) of his sentence. (ECF No. 1.) However, the court lacks the authority to grant the relief Petitioner seeks. As the United States Court of Appeals for the Eleventh Circuit has recently explained, "[n]o provision of the First Step Act altered the Second Chance Act's language conferring the Attorney General with the discretionary authority to release an eligible elderly offender upon written request by the offender or the BOP," and "the Second Chance Act does not authorize a federal court to order the BOP to release a prisoner—the Act only states the Attorney General 'may' release eligible elderly offenders." *United States v. Calderon*, 801 F. App'x 730, 731 (11th Cir. 2020).

Multiple district courts, including those in the Fourth Circuit, have similarly concluded the First Step Act does not confer on the judiciary the authority to compel the release of eligible elderly offenders under the First Step Act. (ECF No. 5.) *See*, *e.g.*, *United States v. Overcash*, No. 3:15-

CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regard to a request for home detention under § 60541(g)."); *United States v. Hall*, No. 1:08-CR-00015-MR, 2020 WL 908874, at *1 (W.D.N.C. Feb. 25, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General."). Therefore, the court lacks the authority to grant the relief Petitioner requests.

Petitioner filed an Objection to the Report on March 17, 2020 (ECF No. 7.) The Objection alleges that the Report made a mathematical error in calculating time served. (*Id.*) The court found that when Petitioner submitted his request to the BOP on November 13, 2019, the BOP determined at that time he had only served sixty-two percent (62%) of his sentence. (ECF No. 3.) A sentence monitoring computation data sheet dated November 15, 2019 indicates a home detention eligibility date of September 17, 2021. (*Id.*) Petitioner argues that by that date, he would have served eighty-five percent (85%) of total sentence. (ECF No. 7.) Petitioner's allegation is irrelevant, as this court finds no support for his calculation. Further, the "designation of an inmate's place of confinement is within the absolute discretion of the BOP." *United States v. Saxon*, No. CR 112-119, 2020 WL 2617131, at *1 (S.D. Ga. May 22, 2020). Upon review of the record, no clear errors were found. Therefore, the court overrules Petitioner's Objection.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 5) and **DENIES** Petitioner's Petition for Writ of Mandamus (ECF No. 1).

**IT IS SO ORDERED.**

United States District Judge

May 29, 2020
Columbia, South Carolina